# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 111 Valley Park Road, Phoenixville, PA 19460

Address of Defendant: 1200 Peach Tree Street NE, 12th Floor, Atlanta, GA 30309

Place of Accident, Incident or Transaction: Schuylkill Township, Pennsylvania, Parcel No. 27-07-0001
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?        Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases

(Please specify) Real Property

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ Gene D. Cohen _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/5/08        _Gene D. Coh_        09935
                     Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____        _____        _____
                              Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SCHUYLKILL TOWNSHIP, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| CITYSWITCH, LLC, and | : | |
| PENNSYLVANIA LINES, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding the designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requiring review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under
Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly
referred to as complex and that need special or intense management by the court. (See
reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| December 5, 2008 | | CitySwitch, LLC |
| Date | Attorney at Law | Attorney for |
| | | |
| (215) 772-7498 | (215) 772-7670 | gcohen@mmwr.com |
| Telephone | Fax Number | E-Mail Address |

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCHUYLKILL TOWNSHIP,

             Plaintiff,

    vs.

CITYSWITCH, LLC, and
PENNSYLVANIA LINES, LLC,

             Defendants.

:   CIVIL ACTION
:
:
:
:   No.
:
:
:
:
:

## DISCLOSURE STATEMENT FORM

Please check one box:

___        The nongovernmental corporate party, CitySwitch, LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_X_        The nongovernmental corporate party, CitySwitch, LLC, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:  Norfolk Southern Corporation.

_12/05/08_                         _____
Date                             Signature

*Counsel for Defendant CitySwitch, LLC*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Schuylkill Township
111 Valley Park Road, Phoenixville, PA 19460

**(b)** County of Residence of First Listed Plaintiff   N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   (610) 265-0800
William J. Brennan,  Butera, Beausang, Cohen & Brennan
630 Freedom business Center, Ste. 212, King of Prussia, PA 19406

## DEFENDANTS

CitySwitch LLC
1200 Peachtree St., 12 Fl., Mail Stop 114, Atlanta, GA 30309

County of Residence of First Listed Defendant   N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)   (215) 772-7498
Gene D. Cohen, Montgomery, McCracken, Walker & Rhoads,
LLP, 123 S. Broad St., Philadelphia, PA 19109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):   28 U.S.C. 1332

Brief description of cause:   Removal of State Court action based upon diversity jurisdiction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   12/5/08

SIGNATURE OF ATTORNEY OF RECORD   Gene D. Cohen  MJH

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCHUYLKILL TOWNSHIP
111 Valley Park Road
Phoenixville, PA  19460

      Plaintiff,

      v.

CITYSWITCH, LLC
1200 Peachtree Street NE
12th Floor
Atlanta, GA  30309

      and

PENNSYLVANIA LINES, LLC
110 Franklin Road SE
Roanoke, VA  24042

      Defendants.

:
:  CIVIL ACTION
:
:  No.:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant CitySwitch, LLC, hereby removes the above-captioned civil action from the Court of Common Pleas of Chester County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  In support of its Notice of Removal, CitySwitch, LLC states as follows:

1.      On or about October 22, 2008, Plaintiff Schuylkill Township commenced this action in the Court of Common Pleas of Chester County, Pennsylvania by filing a Complaint in Equity (the "Complaint") captioned *Schuylkill Township v. CitySwitch, LLC and Pennsylvania Lines, LLC*, No. 08-11785.

2.      The undersigned counsel accepted service of Plaintiff's complaint on behalf of

CitySwitch, LLC on November 10, 2008.  This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b).

      3.      A true and correct copy of the complaint, which constitutes "all process, pleadings, and orders served upon" CitySwitch, LLC, 28 U.S.C. § 1446(b), is attached hereto as Exhibit A.

      4.      A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Chester County, Pennsylvania, and is being served on all counsel of record pursuant to 28 U.S.C. §§ 1446(a) & (d).

      5.      Plaintiff's claims relate to CitySwitch, LLC's intent to erect a monopole telecommunications tower upon property owned by Norfolk Southern Railway Company located in Schuylkill Township, Chester County, Pennsylvania.  Plaintiff seeks the entry of an order of "injunction or other equitable relief" directing CitySwitch, LLC to "cease and desist from installation or maintenance of a monopole of 195 feet as proposed by CitySwitch or directing removal of said tower."

      6.      In addition, Plaintiff seeks monetary relief in the form of "Court costs, counsel fees, expenses and disbursements to the extent provided by law or rule of Court."

      7.      Plaintiff claims that the planned erection of a monopole telecommunications tower upon the real property of Norfolk Southern Railway Company is in violation of Schuylkill Township zoning and building ordinances.

      8.      As demonstrated below, this Court has original jurisdiction over Plaintiff's action, which is properly removed to this Court.

## BASIS OF DIVERSITY JURISDICTION

9.      This is a civil action over which this Court has original jurisdiction pursuant to 28

U.S.C. § 1332(a) because it is an action between citizens of different states and the matter in

controversy exceeds $75,000.00, excluding interest and costs.

### Complete Diversity of Citizenship Exists

10.     Plaintiff alleges that it is a Second Class Township of the Commonwealth of

Pennsylvania pursuant to the Pennsylvania Second Class Township Code, Act of May 1, 1933,

P.L. 103 as amended, 53 P.S. § 65101 *et seq.  See* Exhibit A.

11.     Plaintiff also alleges that Defendant CitySwitch, LLC is a Delaware Limited

Liability Company with a principal place of business located at 1200 Peachtree Street NE, 12th

Floor, Mail Stop 114, Atlanta, Georgia, 30309.

12.     The other named defendant, Pennsylvania Lines, LLC, does not exist.

Pennsylvania Lines, LLC was a Pennsylvania Limited Liability Company registered with the

Pennsylvania Department of State at entity number 2877037.  The entity, however, was

withdrawn in or about October 2004, when Pennsylvania Lines, LLC merged into its successor-

in-interest, Norfolk Southern Railway Company.  Printouts from the Pennsylvania Department of

State website evidencing the withdrawal of Pennsylvania Lines, LLC as a business entity are

attached hereto and incorporated herein at Exhibit B.

13.     Norfolk Southern Railway Company is a Virginia Corporation with a registered

business address of Three Commercial Place, Norfolk, Virginia  23510.

14.     To date, Plaintiff has not amended its underlying complaint to remove the non-

existent Pennsylvania Rail, LLC as a named defendant.

15.     To date, Plaintiff has not amended its underlying complaint to name Norfolk

Southern Railway Company as a defendant.

16.     To date, CitySwitch, LLC is the only Defendant to have been served with Plaintiff's complaint.

17.     Thus, for purposes of the instant Notice of Removal, complete diversity of citizenship exists, and indeed, this is an action between citizens of different states.

### The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs

18.     As noted above, Plaintiff's complaint seeks the entry of an Order prohibiting CitySwitch, LLC from erecting a monopole telecommunications tower upon real property situated in Schuylkill Township owned by Norfolk Southern Railway Company.

19.     To date, CitySwitch, LLC has expended well over $150,000.00 in connection with the proposed erection of the monopole telecommunications tower.  The expenditures include substantial costs associated with preparing the foundation for the monopole telecommunications tower, purchasing and transporting the tower to the site, developing environmental studies and reports, and attempting to secure Township approval for the erection of the tower.  *See* the Declaration of Robert G. Raville, President of CitySwitch, LLC, attached hereto and incorporated herein as Exhibit C.

20.     Within the past thirty days, CitySwitch, LLC sold four comparable erected telecommunications towers for an average per-tower sale price in excess of $700,000.00.  See id.

21.     Based upon the average actual sale price of comparable telecommunications towers, CitySwitch, LLC estimates that the fair market value of the telecommunications tower at issue in the captioned action, if erected as proposed, would be greatly in excess of $75,000.00.  *See id.*

-4-

22.     Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of the interest, costs and fees claimed by Plaintiff.

23.     CitySwitch, LLC is the only existing named defendant and the only defendant to have been served with process in the underlying state court action; thus the requirement that all defendants join in this Notice of Removal is satisfied.

24.     For all of the foregoing reasons, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This action originally could have been brought in this District. This action, therefore, is removable from the Court of Common Pleas for Chester County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

December 5, 2008

Gene D. Cohen (Pa. ID No. 09935)
Michael Hayes (Pa. ID No. 84985)
Tricia Sadd (Pa. ID No. 90553)
 Montgomery, McCracken,
Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-7498

*Attorneys for Defendant CitySwitch, LLC*

# Exhibit A

# CHESTER COUNTY COURT OF COMMON PLEAS
# CIVIL COVER SHEET

Case 2:08-cv-05081-LMS   Document 11   Filed 12/05/08   Page 11 of 45

Do not staple or attach on this side

**1. CASE CAPTION:**    **1A. CASE NO.:**

SCHUYLKILL TOWNSHIP
vs.
CITYSWITCH LLC and
PENNSYLVANIA LINES LLC

08- //785

08 OCT 22 AM 11:24

FILED

**2. PLAINTIFF(s): (Name, address)**

SCHUYLKILL TOWNSHIP
111 Valley Park Road
Phoenixville, PA 19460

**3. PLAINTIFF'S COUNSEL:**
**(Name, firm, address, telephone and attorney ID#)**

William J. Brennan, Esq.
Butera, Beausang, Cohen & Brennan
630 Freedom Business Center, Ste. 212
King of Prussia, PA 19406
610-265-0800
I. D. #23373

**4. DEFENDANT(s): (Name, address)**

CITYSWITCH LLC
1200 Peachtree Street NE
12th Floor, Mail Stop114
Atlanta, GA 30309      and
PENNSYLVANIA LINES LLC
110 Franklin Road SE
Roanoke, VA 24042

**5. ARE THERE, ANY RELATED CASES?**
(see C.C.R.C.P. 200B )

☐ Yes    ☒ No
IF YES, SHOW CASE NOS. AND CAPTIONS:

**6. IF THIS IS AN APPEAL FROM A DISTRICT JUSTICE JUDGMENT, WAS APPELLANT** ☐ **PLAINTIFF OR** ☐ **DEFENDANT IN THE ORIGINAL ACTION?**

**7. CASE CODE:** __24__    **DESCRIPTION: (see reverse side)** __Injunctive Relief__

**8. IS THIS AN ARBITRATION CASE?** ☐ Yes    ☒ No
(Arbitration Limit is $50,000. See C.C.R.C.P. 1301.1)

---

**ARBITRATION CASES ONLY**
An Arbitration hearing in this matter
is scheduled for



in the Jury Lounge, Chester County Court House,
West Chester, PA. The parties and their counsel are
directed to report to the Juror's Lounge for an
arbitration hearing in this matter on the date and
time set forth above.

---

**NOTICE OF TRIAL LISTING DATE**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject
to compulsory arbitration it will be presumed ready for
trial twelve (12) months from the date of the initiation
of the suit and will be placed on the trial list one (1)
year from the date the suit was filed unless
otherwise ordered by the Court.

To obtain relief from automatic trial listing a party
must proceed pursuant to C.C.R.C.P. 249.3(b), request
an administrative conference and obtain a court order
deferring the placement of the case on the trial list
until a later date.

---

**FILE WITH:**    Prothonotary of Chester County
2 North High Street, Suite 130, West Chester, PA 19380-3050

THIS COVER SHEET IS REQUIRED BY C.C.R.P. 1018.1 (b) AND MUST BE SERVED UPON ALL OTHER PARTIES TO THE ACTION IMMEDIATELY AFTER FILING. SUBMIT ENOUGH COPIES FOR SERVICE.

**SEE REVERSE SIDE FOR CASE CODES AND DESCRIPTIONS**

PROTHONOTARY - FORM #146.2 REV. 10/96

William J. Brennan
Attorney I.D. 23373
BUTERA, BEAUSANG, COHEN & BRENNAN
630 Freedom Business Center, Suite 212
King of Prussia, PA  19406                     Attorney and Municipal Solicitor
(610) 265-0800                                 for Plaintiff

---

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PA
CIVIL ACTION - EQUITY

| | | |
|---|---|---|
| SCHUYLKILL TOWNSHIP | : | NO.   08-  11785 |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| CITYSWITCH LLC | : | |
| and | : ` | |
| PENNSYLVANIA LINES LLC | : | |
| Defendants | : | |

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

LAWYER REFERENCE & INFORMATION SERVICES
Chester County Bar Association
15 West Gay Street
West Chester, PA  19380
(610) 429-1500

FILED

08 OCT 22 AM 11: 24

William J. Brennan
Attorney I.D. 23373
BUTERA, BEAUSANG, COHEN & BRENNAN
630 Freedom Business Center
Suite 212
King of Prussia, PA  19406
(610) 265-0800

Attorney and Municipal Solicitor
for Plaintiff

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PA
CIVIL ACTION - EQUITY

SCHUYLKILL TOWNSHIP
111 Valley Park Road
Phoenixville, PA 19460

NO. 08- 11785

Plaintiff

vs.

CITYSWITCH LLC
1200 Peachtree Street NE
12th Floor, Mail Stop 114
Atlanta, GA 30309
                and
PENNSYLVANIA LINES LLC
110 Franklin Road SE
Roanoke, VA 24042

Defendants

## VERIFIED
## COMPLAINT IN EQUITY

Plaintiff Schuylkill Township, by and through its attorneys Butera, Beausang, Cohen &

Brennan, herein complains against the Defendants and it respectfully avers the following:

1.      Plaintiff Schuylkill Township is a duly authorized and existing Second Class

Township in accordance with the Pennsylvania Second Class Township Code.  Act of May 1,

1933, P.L. 103 as amended, 53 P.S. §65101.   Schuylkill Township is governed by a Board of

five Supervisors who have been duly elected and seated.   Schuylkill Township maintains a

municipal office at the above-stated address.

2.      Defendant CitySwitch LLC ("CitySwitch") is a Delaware limited liability

company, formed on March 4, 2004 (Delaware Entity No. 3772919) authorized to do business in

Georgia, with a principal place of business located at the above-stated address.  CitySwitch is

not registered to do business in the Commonwealth of Pennsylvania.

3.      The Secretary of State for the State of Georgia shows that CitySwitch was

authorized to do business in Georgia beginning on March 8, 2005 (Georgia Control No.

0514936).

4.      The majority and controlling owners of CitySwitch are Stephen Raville (20%),

Peter Corry (20%), and Cleveland Group, Inc. of Atlanta, Georgia (20%), which performs

construction services for CitySwitch.

5.      CitySwitch has advised Plaintiff that it has a written contract to "manage" 400

towers for a railroad company or companies.  CitySwitch says that it owns approximately 35

towers, although it does not own any of the land upon which any of its towers are located.

CitySwitch is not an agent of any railroad company for purposes of installing wireless

communication towers.

6.      CitySwitch has advised Schuylkill Township that it  "looks for" non-railroad

wireless cell carriers to help defray the costs of the towers it proposes to build.

7.      Defendant Pennsylvania Lines LLC ("Pennsylvania Lines") is a Pennsylvania

limited liability company formed on May 12, 1999 (Pennsylvania Entity No. 2877037) with a

business and registered address at 110 Franklin Rd., SE, Roanoke, VA 24042.

2

8.      Plaintiff does not know if Defendant Pennsylvania Lines actually operates as a railroad, but has no indication that it does so.  Strict proof if relevant is demanded.

9.      At all times relevant hereto, Defendant Pennsylvania Lines has been the legal owner of a certain parcel of property comprising 2.56 acres (111,514 square feet) located in Schuylkill Township, being designated Parcel No. 27-07-0001 and UPI No. 27-7-1 (the "subject property")

10.     Pennsylvania Lines became the owner of the subject property by deed recorded August 10, 1999 at the Office for Recording of Deeds in and for Chester County, Pennsylvania at Deed Book 4615, page 0336.   A true and correct copy of the Chester County Recorder of Deeds real estate Display Page concerning the subject property is attached hereto as Exhibit "A."  Upon information and belief, Pennsylvania Lines as landowner has permitted CitySwitch to act on its property and it is accordingly liable for its actions as a landowner for all matters and claims set forth herein.

11.     The subject property is located in the LI-Limited Industrial Zoning District in accordance with Section 1400, et seq. of the Zoning Ordinance of Schuylkill Township of 1955, as amended and updated (the "Zoning Ordinance").  The LI District requires, among other things, a minimum lot area of three acres, a height limit of 35 feet, and various minimum yard set backs for development.

12.     Defendant CitySwitch is primarily engaged in the construction and financial management of wireless communication towers for general commercial usage.   Upon information and belief, the primary CitySwitch business plan is to install wireless towers and to lease capacity or transmission space thereon to licensed and registered wireless communication companies which are not related to railroad operations.

3

13.     CitySwitch has publically stated that is business model involves leasing space to
wireless carriers on existing or newly built railroad towers and that "we can build where others
can't" – referring to CitySwitch's status as primarily a builder and lessor of wireless towers for
the non-railroad market.

14.     CitySwitch has publically referred to itself as "the tower company of last resort,"
meaning that CitySwitch is able to force municipalities to accept its selected location when other
"non-railroad" applicants for wireless towers have been refused.

15.     CitySwitch promotes itself as a company which is able to locate towers for
commercial non-railroad users in areas where private towers cannot be built.

16.     Exhibit "B" attached hereto is a promotional advertisement from KGI Wireless, a
company which markets co-location or multiple uses for wireless towers:

> Need tower space?  CitySwitch offers hundreds of towers near
> select railway rights-of-way in the midwest, east, and southeast
> regions of the US which may be able to accommodate your
> wireless facilities.  Call KGI today to determine whether this
> CitySwitch tower meets your tower space requirements, and to
> learn more about how KGI's streamlined collocation process gets
> you on air sooner.  For more information about this site and
> CitySwitch's extensive tower inventory, contact
> Jennifer@KGIWireless.com or call 512.345.9595.  KGI offers
> more than 10,000 collocation opportunities throughout the United
> States.

17.     KGI Wireless has signed a contract  with CitySwitch to act as agent for location
of nonrailroad commercial users of tower space for 400 CitySwitch towers, including hundreds
in Pennsylvania.   In fact KGI Wireless is presently marketing, for CitySwitch, the unbuilt tower
site which is the subject of this litigation.   Exhibit "C" is a partial listing of available sites,
including #94001, designated as "Valley Forge".

4

18.     Further, upon information and belief, it is the business plan of CitySwitch to appear to work with and for established railroad companies in siting commercial wireless towers in order to avoid the environmental challenges and other difficulties inherent in attempting to locate and receive zoning and other local municipal approval for the siting of said wireless towers.

19.     CitySwitch bases its business plan upon deception, coercion and a manipulation of the federal preemption granted to railroads through an entity known as The Surface Transportation Board by the Interstate Commerce Commission Termination Act, 49 U.S.C. §10501 ("ICCTA") which provides federal preemption and certain exemptions for railroads from local regulation.   In truth, CitySwitch is primarily in the commercial wireless tower business manipulating the federal preemption provided to railroads in the ICCTA to allow tower location in violation of the intent, purpose, spirit and letter of the ICCTA, and in contravention of local regulation.

20.     In relevant part, the ICCTA provides that "[t]he jurisdiction of the [Surface Transportation] Board over transportation by rail carrier . . . is exclusive . . . . The Act defines "transportation" as:

> (A)     a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and
>
> (B)     services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and property[.]
>
> 49 U.S.C. §10102(9).

5

21.     Installation or leasing of wireless radio towers for general commercial use is not "transportation" within the meaning of the ICCTA.

22.     "Facilities" not integrally related to the provision of interstate rail service are not subject to the preemption afforded to railroads by the ICCTA.

23.     The ICCTA defines "rail carrier" in relevant part as "a person providing common carrier railroad transportation for compensation" 49 U.S.C. §10102(5).  Defendant CitySwitch is not a rail carrier.

24.     During May 2008, CitySwitch contacted Schuylkill Township to begin negotiations concerning its proposed installation of a wireless cell tower.

25.     On or about May 20, 2008, Schuylkill Township received an environmental report provided by CitySwitch and, thereafter, on June 3, 2008, received an application for a building permit for the construction of a proposed monopole communications tower of 195 feet.

26.     CitySwitch proposed to install a 195 foot tall cellular tower in an area of the Township known as "Perkiomen Junction" near Pawlings Road and the Schuylkill River, and adjacent to a residential subdivision known as the Meadows at Valley Forge.

27.     By letter dated June 18, 2008, the Code Enforcement Officer of Schuylkill Township denied the application of CitySwitch as being incomplete.

28.     In its determination letter, Schuylkill Township identified numerous zoning ordinance issues and other municipal issues, all of which raise serious concerns to the safety of the public.

29.     CitySwitch has advised that the wireless tower will be licensed by the Federal Communications Commission, however, no licensing information has been provided to Schuylkill Township.

6

30.     On July 22, 2008, representatives of CitySwitch met with representatives of

Schuylkill Township to discuss the proposal.   CitySwitch confirmed that it is not a railroad and

is not an agent for a railroad.  It advised that it is owned 20% by Stephen Raville, 20% by Peter

Corry and 20% by the Cleveland Group, Inc. of Atlanta, GA which performs construction

services for CitySwitch.  Stephen Raville advised that his company had a written contract to

manage towers for a railroad and itself owned approximately 35 towers.  Despite repeated

requests, CitySwitch has refused to provide its management contract citing confidentiality.

31.     During the meeting of July 22, 2008, Stephen Raville falsely advised Schuylkill

Township that the "fall zone" for the proposed tower would be entirely on property owned or

controlled by the Norfolk Southern Railway Company, a nonparty to these proceedings.

CitySwitch has never provided a lease agreement permitting its standing to perform any act of

land development in Schuylkill Township.

32.     During the meeting of July 22, 2008, Stephen Raville advised Schuylkill

Township that the proposed new CitySwitch tower was necessary in order to replace a tower in

Phoenixville, PA which could no longer be used.   However, as of the filing date of this action,

KGI Wireless was marketing the Phoenixville tower on behalf of CitySwitch (See Exhibit "C",

#93940, Phoenixville, PA), with no indication of prospective nonuse or obsolescence.

33.     On July 24, 2008, the solicitor for Schuylkill Township requested the full and

complete agreement between CitySwitch and Norfolk Southern Railway, a breakdown of income

relating to Norfolk Southern operations from CitySwitch towers as opposed to rentals from non-

railroad related entities, and clarification of precisely how CitySwitch monopoles are now or will

in the future be used by Norfolk Southern Railway, and whether the railroad uses the CitySwitch

monopoles for or in connection with its day to day business. CitySwitch refused to provide this information.

34.    By email dated July 25, 2008, CitySwitch advised that "it is the intention of CitySwitch and the Railroad to lease, wherever possible, unused space on both new and existing towers to municipalities, wireless carriers and other commercial users to help subsidize the cost of construction of the Railroad's communication network."

35.    On or about August 27, 2008 CitySwitch filed a supplemental request for a building permit which was also timely and properly denied by Schuylkill Township. The August 27, 2008 filing included a copy of a plan for the proposed tower (Exhibit "D") and a drawing of the proposed fall zone ("Exhibit "E").

36.    The 195 foot fall zone for the subject tower would impair and endanger residents and users of private residential properties abutting the subject site, as well as private property owned by other citizens.

37.    The 195 foot fall zone would possibly impair and endanger the operations of a municipal sewer plant owned by the Valley Forge Sewer Authority adjacent to the proposed site. Moreover, future expansion plans of the Valley Forge Sewer Authority will be compromised and limited by the fall zone from the tower proposed by CitySwitch.  Any harm to sewer facilities could have a serious detrimental impact on the environment and on public health and safety in the 8 municipality service area of the Valley Forge Sewer Authority.

38.    By email dated September 3, 2008, CitySwitch advised that it had "several three ring binders containing documents that collectively represent the relationship between CitySwitch and Norfolk Southern" but failed and refused to provide the operative document that would allow Schuylkill Township to determine whether CitySwitch is truly in the railroad

8

business or whether the primary purpose of the proposal was to serve the financial interest of CitySwitch in connection with commercial rental and usage of tower space by private wireless carriers.

39.     CitySwitch is not a railroad, is not licensed as a railroad, and is not engaged in the business of a railroad as defined in the ICCTA, and as is commonly understood.

40.     Upon information and belief, CitySwitch is engaged in the business of installing and operating wireless communication towers under the pretense of acting for railroad purposes.

41.     The mapping information provided in the second CitySwitch building permit application demonstrates that CitySwitch proposes to occupy only a leasehold area, being a small rectangle of land where the tower is proposed to be constructed.   The 195 foot fall zone extends far beyond the proposed leasehold area and is apparently well beyond the area owned or controlled by Defendant Pennsylvania Lines.   The fall zone appears to compromise adjacent residential properties which constitutes a clear, present and serious danger to the community.

42.     Upon information and belief, CitySwitch is not licensed by any federal or state agency as a railroad and is not licensed to function in or manage railroad business.

43.     Schuylkill Township has been informed by CitySwitch that it intends to proceed with the installation of the proposed 195 foot wireless tower in direct contravention of the regulations and ordinances of Schuylkill Township and despite clear safety risks to the public.

44.     The CitySwitch application does not or has not been adequately shown to meet the Zoning Ordinance as follows:

Article XIX, Section 1912

A.     Tower height over 150 feet must be permitted by the Zoning Hearing Board.

9

      B.      The fence height of five feet with barbed wire as proposed does not meet the zoning regulations of ten feet in height.

      C.      Emissions from the tower have not been adequately addressed.

      D.      Parking has not been provided, and

      E.      No certificate of insurance has been presented to the Township.

Ordinance No. 00-01

      A.      Setback for potential fall area of the proposed monopole has not been demonstrated to be on property of the applicant. Applicant must demonstrate that the "setback is such that the potential fall area is within applicant's property line." Applicant CitySwitch has demonstrated no property right or property line.

      B.      No adequate equipment and plan for emergency on site service has been provided.

      C.      No documentation that the 195 foot height is necessary for the project.

      D.      No documentation has been provided that aesthetic damage is minimized.

      E.      No documentation has been provided that there is adequate evidence of permanent financial ability, and

      F.      No documentation has been provided regarding removal of structure when no longer used.

45.      CitySwitch has advised Plaintiff that it intends to proceed with the construction in the absence of a building permit which is required for all new construction by Schuylkill Township Ordinances.

46.      CitySwitch has advised Plaintiff that it intends to proceed without application for issuance of a use or occupancy permit as required by Schuylkill Township Ordinances.

10

47.     Schuylkill Township repeatedly advised CitySwitch that it had no authority to proceed and that it would be fully accountable for its actions, and for the damages and risks imposed upon the public.

48.     CitySwitch is operating beyond any preemption right which may be afforded to railroads for railroad activity in accordance with the ICCTA in that even for railroads, federal preemption is to be reconciled with local regulation; moreover, the ICCTA does not preempt state regulation which is nondiscriminatory and not unreasonably burdensome.

49.     In any event, standard local building, electrical and fire codes are not subject to federal preemption.

50.     Upon information and belief, the height of the tower at 195 feet is not necessary for railroad operations.  Moreover, the height of the tower is appropriate for and necessary for use by independent or private wireless carriers to whom CitySwitch intends to lease transmission space for profit.

51.     Upon information and belief, based upon propagation studies, Norfolk Southern Railway Company does reasonably require installation of the subject wireless tower at Perkiomen Junction pursuant to the application of CitySwitch.  To the contrary, and upon information and belief, the application was selected by CitySwitch to maximize its potential for leasing space and services to private wireless carriers for its profit and benefit, all of which has little or nothing to do with the operation of Norfolk Southern Railroad Company, and all of which compromises public safety.

11

## COUNT I
## REQUEST FOR ENFORCEMENT OF ZONING ORDINANCE
## PURSUANT TO MPC §515.1

52.     Plaintiff Schuylkill Township incorporates by reference paragraphs 1 through 51 of its Complaint as though set forth at length.

53.     The Pennsylvania Municipalities Planning Code, 53 P.S. §10101, et seq. ("MPC") governs development of real property in the Commonwealth of Pennsylvania and within Schuylkill Township, including installation of structures such as Defendant CitySwitch's proposed 195 foot wireless tower.

54.     Pursuant to Section 515.1 of the MPC, a municipality may institute and maintain appropriate actions by law or in equity to restrain or abate violations, to prevent unlawful construction, to recover damages, and to prevent illegal use of structures or premises.

55.     The actions of Defendants jointly and severally constitute a flagrant violation of the Schuylkill Township zoning ordinance and the MPC §515.1 for reasons hereinbefore more fully set forth.

56.     By virtue of the foregoing, Defendants have caused Schuylkill Township to incur legal fees and expenses in connection with protecting the Zoning Ordinance and other ordinances of the Township and Defendants should be obligated to reimburse Schuylkill Township for all sums so expended.

57.     By virtue of the foregoing, Defendant is intentionally violating the ordinances of Schuylkill Township and it should be ordered to cease and desist from violation therefrom.

WHEREFORE, Schuylkill Township demands an injunction or other equitable relief in the nature of an Order directing Defendants to cease and desist from installation or maintenance of a monopole of 195 feet as proposed by CitySwitch or directing removal of said tower.

12

Schuylkill Township also requests court costs, counsel fees, expenses and disbursements to the extent provided by law or rule of Court.   Schuylkill Township also seeks such other relief as may be just, reasonable and proper under the circumstances.

**COUNT II**
**VIOLATION OF TOWNSHIP ORDINANCES CONCERNING**
**BUILDING AND USE AND OCCUPANCY**

58.     Plaintiff Schuylkill Township incorporates by reference paragraphs 1 through 57 of its Complaint as though set forth at length.

59.     Defendants have proceeded to install or have promised to install a wireless cellular tower of 195 feet in violations of Schuylkill Township's requirement of a building permit prior to any construction.  (Section 230 of the Zoning Ordinance.)

60.     Defendants have advised that they will attempt to use and manage the aforesaid cellular wireless tower without applying for or receiving a use and occupancy permit therefor. (Section 2305 of the Zoning Ordinance.)

61.     The actions of the Defendants are in violation of the laws of the Commonwealth of Pennsylvania, and the ordinances of Schuylkill Township and the public is suffering damages in connection therewith.

62.     The actions of CitySwitch and Pennsylvania Lines have been inappropriate, unlawful, and otherwise violate the laws of the Commonwealth of Pennsylvania, and Schuylkill Township has incurred legal costs and expenses as a result thereof.

WHEREFORE, an injunction is hereby requested precluding Defendants from constructing the aforesaid tower, or in the alternative, directing that the Defendants safely remove the aforesaid tower from the location described herein, and Plaintiff requests an award of

Court costs, counsel fees, expenses and disbursements to the extent provided by law or rule of Court. Plaintiff also requests such other relief as may be just, reasonable and proper under the circumstances.

Respectfully submitted,

BUTERA, BEAUSANG, COHEN & BRENNAN

William J. Brennan
Attorney for and Municipal Solicitor for Plaintiff,
Schuylkill Township

14

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PA
CIVIL ACTION - EQUITY

SCHUYLKILL TOWNSHIP                          NO. 08-

           Plaintiff

       vs.

CITYSWITCH LLC

       and

PENNSYLVANIA LINES LLC

                    Defendants

## **VERIFICATION**

I, Norman Vutz, Chairman of the Board of Supervisors of Schuylkill Township, state (1) the language in the Complaint was drafted by our Solicitor who has reported to the Board of Supervisors concerning his investigation, (2) I rely upon Township Staff to provide me and the other Supervisors with accurate information and (3) upon personal knowledge or information and belief that the averments (or denials) set forth in the Complaint are true and correct.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date:   October  _20_ , 2008                _(signature)_
                                            Norman Vutz

Real Estate/Assessment > Parcel Details

Select Another Search Criteria          Search Another Parcel          Print

# ID # 27-07-0001    UPI # 27-7-1

10/15/2008 4:21 PM    ## Tax Year 2009

## Owner Information

| Name: | PENNSYLVANIA LINES LLC | Address: | C/O NORFOLK SOUTHERN RAILWAY CO<br>110 FRANKLIN RD SE<br>ROANOKE VA<br>24042 |
|---|---|---|---|

## Parcel Details

| Lot Location: | N & REAR 15011 - W SCHUYLK | District: | 27 |
|---|---|---|---|
| Property Descr: | 2.56 AC S | Plan #: | |
| Land Use Code: | V-13 | Acres: | 2.5600 |
| Deed Reference: | 4615 0336 | Sq. Feet: | 111,514 |
| Recorded Deed Date: | 08/10/1999 | Sale Price: | $0 |

Deed Description

## Assessments

| Lot: | 8,370 | Act 319: | |
|---|---|---|---|
| Property: | 0 | Act 515: | |
| Total: | 8,370 | | |
| Assessment Date: | 12/20/2007 | | |

< Previous Parcel    Next Parcel >





**KGI** )) **Tower Profile**     For more information, call 512.345.9595     September 3, 2008
WIRELESS

| | | |
|---|---|---|
| Tower Number | **93940** |  Upload new tower photos... |
| Coordinates | Latitude **40.08.33N**   Longitude **75.31.44W** | |
| Site Address | Address Pending | |
| | Phoenixville, PA  TBD | |
| County | Chester | |
| Elevation | **TBD** feet AMSL     Tower Height **TBD** feet AGL | |
| Tower Type | Contact KGI | |
| Tower Load | Call KGI for structural information | |
| Interior Space | Contact KGI | |
| Access | Contact KGI | |
| FAA File Num | Contact KGI | |
| FCC Reg Num | Contact KGI | |
| Tower Owner | CitySwitch | |
| Site Name | WNWQ408 VHF | |



KGI Stock Photo

Phoenixville Satellite View

Need tower space? CitySwitch offers hundreds of towers near select railway rights-of-way in the midwest, east, and southeast regions of the US which may be able to accommodate your wireless facilities. Call KGI today to determine whether this CitySwitch tower meets your tower space requirements, and to learn more about how KGI's streamlined collocation process gets you on air sooner. For more information about this site and CitySwitch's extensive tower inventory, contact Jennifer@KGIWireless.com or call 512.345.9595. KGI offers more than 10,000 collocation opportunities throughout the United States.

```
EXHIBIT

  B
```
tabbies

| 93914 | 40.24.53N | 77.54.13W | Mount Union | PA | TBD |
|---|---|---|---|---|---|
| 93915 | 40.23.25N | 77.53.48W | Mount Union | PA | TBD |
| 93917 | 40.30.28N | 74.43.45W | Neshanic | PA | TBD |
| 93918 | 40.57.58N | 80.22.42W | New Castle | PA | TBD |
| 93919 | 40.12.41N | 79.57.21W | New Eagle | PA | TBD |
| 93920 | 40.22.26N | 79.06.20W | New Florence | PA | TBD |
| 93921 | 40.31.51N | 79.45.27W | New Kensington | PA | TBD |
| 93922 | 41.14.11N | 77.02.58W | Newberry | PA | TBD |
| 93923 | 41.14.10N | 77.04.44W | Newberry Junction | PA | TBD |
| 93924 | 40.29.50N | 77.08.08W | Newport | PA | TBD |
| 93925 | 40.06.21N | 75.18.25W | Norristown | PA | TBD |
| 93916 | 40.09.03N | 79.54.25W | North Charleroi | PA | TBD |
| 93927 | 40.20.25N | 79.43.12W | North Irwin | PA | TBD |
| 93926 | 40.36.49N | 75.20.34W | Northamton | PA | TBD |
| 93928 | 40.56.32N | 76.49.05W | Northumberland | PA | TBD |
| 93929 | 40.21.11N | 78.56.31W | Oakhurst | PA | TBD |
| 93930 | 41.26.05N | 79.42.42W | Oil City | PA | TBD |
| 93931 | 40.42.07N | 82.25.08W | Ontario | PA | TBD |
| 93932 | 40.18.45N | 76.35.58W | Palmyra | PA | TBD |
| 93933 | 40.38.12N | 75.00.55W | Pattenburg | PA | TBD |
| 93934 | 40.56.42N | 75.44.50W | Penn Haven | PA | TBD |
| 93935 | 41.09.59N | 75.51.53W | Penobscot | PA | TBD |
| 93936 | 40.21.29N | 76.57.10W | Perdix | PA | TBD |
| 93937 | 39.53.51N | 75.08.31W | Philadelphia | PA | TBD |
| 93938 | 40.00.24N | 75.11.40W | Philadelphia | PA | TBD |
| 93939 | 40.00.49N | 75.10.22W | Philadelphia | PA | TBD |
| 93940 | 40.08.33N | 75.31.44W | Phoenixville | PA | TBD |
| 93941 | 40.24.22N | 79.46.29W | Pitcairn | PA | TBD |
| 93942 | 40.23.48N | 79.46.37W | Pitcairn | PA | TBD |
| 93297 | 40.38.35.0N | 80.13.59.0W | Pittsburg | PA | TBD |
| 93298 | 40.27.33.0N | 80.02.53.0W | Pittsburg | PA | TBD |
| 93302 | 40.27.47.0N | 80.01.58.0W | Pittsburgh | PA | TBD |
| 93943 | 40.24.40N | 79.57.30W | Pittsburgh | PA | TBD |
| 93944 | 40.35.25.3N | 79.58.38.5W | Pittsburgh | PA | TBD |
| 93945 | 40.27.32N | 80.02.53W | Pittsburgh | PA | TBD |
| 93946 | 40.26.42N | 79.59.23W | Pittsburgh | PA | TBD |
| 93947 | 40.25.17N | 80.03.24W | Pittsburgh | PA | TBD |
| 93948 | 40.27.22N | 79.54.24W | Pittsburgh | PA | TBD |
| 93949 | 41.19.25N | 75.47.29W | Pittston | PA | TBD |
| 93950 | 41.09.59N | 75.51.53W | Pittston Junction | PA | TBD |
| 93951 | 42.04.03N | 80.00.04W | Pleasant Hill | PA | TBD |
| 93303 | 42.04.4.0N | 80.00.02.4W | Pleasant Hill | PA | TBD |
| 93952 | 40.39.58N | 78.13.49W | Plummer Hollow | PA | TBD |
| 93953 | 41.48.30N | 78.16.48W | Port Allegany | PA | TBD |
| 93954 | 40.14.06N | 75.38.33W | Pottstown | PA | TBD |
| 93955 | 40.15.54N | 75.39.58W | Pottstown | PA | TBD |
| 93956 | 41.18.20N | 80.26.35W | Pymatuning | PA | TBD |
| 93957 | 40.19.00N | 79.36.00W | Radebaugh | PA | TBD |
| 93304 | 40.21.14.5N | 75.53.54.9W | Reading | PA | TBD |
| 93305 | 40.20.48.0N | 75.55.21.8W | Reading | PA | TBD |

**EXHIBIT**

| 93958 | 40.21.06N | 75.55.20W | Reading | PA | TBD |
|-------|-----------|-----------|---------|----|----|
| 93959 | 40.21.14N | 75.55.24W | Reading | PA | TBD |
| 93960 | 40.21.17N | 75.55.21W | Reading | PA | TBD |
| 93961 | 40.19.00N | 75.54.22W | Reading | PA | TBD |
| 93962 | 40.22.30N | 75.55.56W | Reading | PA | TBD |
| 93963 | 40.22.45N | 75.55.58W | Reading | PA | TBD |
| 93964 | 41.20.01N | 77.44.54W | Renova | PA | TBD |
| 93965 | 40.50.50N | 74.01.38W | Ridgefield | PA | TBD |
| 93966 | 40.41.54N | 80.17.13W | Rochester | PA | TBD |
| 93967 | 41.44.16N | 76.18.08W | Rummerfield | PA | TBD |
| 93968 | 40.15.45N | 76.46.38W | Rutherford | PA | TBD |
| 93969 | 40.28.44N | 79.26.46W | Saltsburg | PA | TBD |
| 93970 | 40.05.02N | 80.05.21W | Scenery Hill | PA | TBD |
| 93971 | 40.24.58N | 79.01.16W | Seward | PA | TBD |
| 93972 | 41.14.34N | 80.30.27W | Sharon | PA | TBD |
| 93973 | 40.29.34N | 79.56.22W | Sharpsburg | PA | TBD |
| 93974 | 40.21.28N | 76.13.27W | Sheridan | PA | TBD |
| 93975 | 40.03.02N | 77.31.18W | Shippensburg | PA | TBD |
| 93976 | 40.02.58N | 77.32.34W | Shippensburg | PA | TBD |
| 93977 | 40.13.39N | 76.56.45W | Shiremanstown | PA | TBD |
| 93978 | 40.18.36N | 78.44.34W | Sidman | PA | TBD |
| 93979 | 40.19.26N | 76.00.44W | Sinking Springs | PA | TBD |
| 93980 | 41.18.00N | 78.03.35W | Sinnemahoning | PA | TBD |
| 93981 | 41.21.41N | 78.47.27W | South Fork | PA | TBD |
| 93982 | 40.21.57N | 78.47.37W | South Fork | PA | TBD |
| 93983 | 40.09.39N | 75.03.09W | Southampton | PA | TBD |
| 93984 | 40.29.24N | 80.03.39W | Springdale | PA | TBD |
| 93985 | 41.24.32N | 78.11.57W | Stearling Run | PA | TBD |
| 93986 | 40.49.00N | 80.22.30W | Summit Cut | PA | TBD |
| 93987 | 40.52.37N | 76.47.10W | Sunbury | PA | TBD |
| 93988 | 40.52.37N | 76.47.10W | Sunbury | PA | TBD |
| 93989 | 40.25.37N | 79.53.06W | Swissvale | PA | TBD |
| 93990 | 40.33.11N | 77.14.40W | Thompsontown | PA | TBD |
| 93991 | 40.24.35N | 79.13.43W | Torrance | PA | TBD |
| 93992 | 41.46.59N | 76.26.32W | Towanda | PA | TBD |
| 93993 | 40.47.10N | 76.41.49W | Trevorton | PA | TBD |
| 93994 | 41.32.09N | 75.57.18W | Tunkhannock | PA | TBD |
| 93995 | 41.06.20N | 76.46.07W | Turbotville | PA | TBD |
| 93996 | 41.06.23N | 76.46.05W | Turbotville | PA | TBD |
| 93997 | 40.53.41N | 76.38.50W | Turbotville | PA | TBD |
| 93998 | 40.39.58N | 78.13.49W | Tyrone | PA | TBD |
| 93999 | 41.50.57N | 76.29.57W | Ulster | PA | TBD |
| 94000 | 41.50.57N | 76.29.58W | Ulster | PA | TBD |
| 94001 | 40.06.20N | 75.28.10W | Valley Forge | PA | TBD |
| 94002 | 40.36.07N | 79.33.22W | Vandergrift | PA | TBD |
| 94003 | 40.23.48N | 79.46.37W | Wall | PA | TBD |
| 94004 | 41.04.12N | 76.39.58W | Washingtonville | PA | TBD |
| 94005 | 39.54.00N | 80.09.37W | Waynesburg | PA | TBD |
| 94006 | 39.53.08N | 80.11.50W | Waynesburg | PA | TBD |
| 94007 | 40.40.22N | 75.01.52W | West Portal | PA | TBD |



Monopole structural drawing with the following annotations:

Elevation markers (left side, platforms):
- 192'-0"  12' Low Profile Platform (R)  190.00  4.00  9x18 ACCESS @ 60'(18)'(300')
- 184'-0"  12' Low Profile Platform (R)  182.00  12.00  9x18 ACCESS @ 60'(18)'(300')
- 174'-0"  12' Low Profile Platform (R)  172.00  22.00  9x18 ACCESS @ 60'(18)'(300')
- 164'-0"  12' Low Profile Platform (R)  162.00  32.00  9x18 ACCESS @ 60'(18)'(300')

Pole length dimensions:
- 50'-3" 2500PL [15316MM]
- 54[371]±10%
- 53'-6" .3125PL [16306MM]
- 66[1676]±10%
- 53'-6" .3750PL [16306MM]
- 78[1981]±10%
- 53'-3" .3750PL [16231MM]
- 194' POLE LENGTH [59131 MM]
- 197' MAX ELEV. [60044 MM]

Bottom annotations:
- 7.00  187.00  10x25 ACCESS @ 270°
- 3.00  191.00  10x25 ACCESS @ 360'(180')
- 63.25" Sqr BASE  3.00" Thick
  16  Bolts 2.25 "ø
  12.00" Bolt Projection
  65.50" Bolt Circle
- G.L.

## POLE SPECIFICATIONS

| POLE HEIGHT | 194.00 FEET |
|---|---|
| TAPER | .1785 IN/FT |
| POLE SHAPE | 18 SIDED POLYGON |
| ORIENTATION | FLAT-FLAT |

| Lev | Qty | Elev ft | Future | DESCRIPTION APPURTENANCE / ANTENNA |
|---|---|---|---|---|
| 1 | 1 | 192.00 | F | 12' Low Profile Platform (R) |
| | 12 | 194.00 | F | 6' X 1' X 3' |
| 2 | 1 | 184.00 | F | 12' Low Profile Platform (R) |
| | 12 | 184.00 | F | 6' X 1' X 3' |
| 3 | 1 | 174.00 | F | 12' Low Profile Platform (R) |
| | 12 | 174.00 | F | 6' X 1' X 3' |
| 4 | 1 | 164.00 | F | 12' Low Profile Platform (R) |
| | 12 | 164.00 | F | 6' X 1' X 3' |

| Load Case DESCRIPTION | Wind (mph) | OLF Vert | Rad. Ice | Factors Gust | Cf | Wind (psf) |
|---|---|---|---|---|---|---|
| 1) 3s Gusted Wind | 90.0 | 1.20 | | 1.10 | .65 | 34.7 |
| 2) 3s Gusted Wind 0.9 | 90.0 | .90 | | 1.10 | .65 | 34.7 |
| 3) 3s Gusted Wind&Ice | 40.0 | 1.20 | .75 | 1.10 | 1.20 | 4.3 |
| 4) Service Loads | 60.0 | 1.00 | | 1.10 | .65 | 8.6 |

| Load Case DESCRIPTION | Res. Base React. Axial (kips) | Shear (kips) | Mom (ft-k) | Disp @Top DEFL. (ft) | SWAY (deg) |
|---|---|---|---|---|---|
| 1) 3s Gusted Wind | 71.5 | 32.7 | 4739 | 15.3 | 8.05 |
| 2) 3s Gusted Wind 0.9 | 53.9 | 32.7 | 4589 | 14.6 | 7.65 |
| 3) 3s Gusted Wind&Ice | 100.6 | 6.8 | 986 | 3.2 | 1.65 |
| 4) Service Loads | 58.5 | 8.2 | 1160 | 3.7 | 1.95 |

| Sec | LENGTH (ft) | Flat-Flat TOP# | BOT# | THICK (in) | WEIGHT (lbs) | STEEL SPEC | FINISH |
|---|---|---|---|---|---|---|---|
| 1 | 50.25 | 26.25 | 35.22 | .2500 | 4900 | A572-65 | Galv |
| 2 | 53.50 | 33.92 | 43.47 | .3125 | 7400 | A572-65 | Galv |
| 3 | 53.50 | 41.86 | 51.41 | .3750 | 10700 | A572-65 | Galv |
| 4 | 53.25 | 49.50 | 59.00 | .3750 | 14400 | A572-65 | Galv |
| | | | | TOTAL | 37400 | | |

| | LENGTH | Bolt# | Hole# | | WEIGHT | STEEL | FINISH |
|---|---|---|---|---|---|---|---|
| ABolt Cluster | | | | | | | |
| AB | 84.00 | 2.25 | 2.625 | | 2200 | A615-75 | Galv-18" |

1) FULL HEIGHT STEP BOLTS
2) ANTENNA FEED LINES RUN INSIDE POLE
3) THE MONOPOLE WAS DESIGNED IN ACCORDANCE WITH ANSI/TIA-222-G, STRUCTURE CLASS II, EXPOSURE CATEGORY C, TOPOGRAPHIC CATEGORY 1.

Engineer seal: COMMONWEALTH OF PENNSYLVANIA — REGISTERED PROFESSIONAL ENGINEER — KEITH J. TINDALL — No. PE071718-E

Dated: 4/29/08

EXHIBIT D

CITYSWITCH, LLC
Perkiomen Junction, PA

Sabre Towers & Poles

195.00 MONOPOLE

| 08-04352 | SIZE A | DRAWING NO. 08-04352-PE | REV — |
|---|---|---|---|
| DATE 28Apr08 | | REFERENCE DRAWING | PAGE 1 |
| DRAWN BY — | | SCALE N.T.S. | |
| CHECKED BY TRC | | | |

CONFIDENTIAL, information contained herein is the sole property of Sabre Communications Corporation, constitutes a trade secret as defined by Iowa Code Ch. 550 and shall not be reproduced, copied or used in whole or in part for any purpose whatsoever without prior written consent of Sabre Communications Corporation.



SITE PLAN

Exhibit A-1

NOTE:
REFER TO SHEET C-1
FOR FURTHER INFORMATION.

195' RADIUS
TOWER FALL ZONE

N/F
PENNSYLVANIA LINES LLC
BK 4815, PG 0338
TAX PARCEL NO. 27-007-0001
VAL MAP V27P/1

EXISTING
RAILROAD TRACKS

EXISTING
RAILROAD TRACKS

PROPOSED CITYSWITCH
LEASE AREA/COMPOUND

N/F
PENNSYLVANIA LINES LLC
BK 4815, PG 0338
TAX PARCEL NO. 27-007-0001
VAL MAP V27P/1

EXISTING
GATE

N/F
VALLEY FORGE RAILWAYS, LTD
BK 2016, PG 0062
TAX PARCEL NO. 27-006-0010

N/F
PENNSYLVANIA LINES, LLC
BK 4815, PG 0338
TAX PARCEL NO. 27-007-0001
VAL MAP V27P/1

cityswitch, LLC
209 Overlook Drive
Sewickley, PA 15143
412-421-6400 (P)
412-421-6200 (F)

Dynatek
TELECOMMUNICATION SERVICES
7154 Broadwood Drive
Brooklield, OH 44403
Phone: 800-621-3254
Fax: 330-544-4237
www.dynatechonline.com

SUBMITTALS

DRAWN BY:
CHECKED BY:
D.C.R.
B.R.A.

SHEET TITLE:
SITE PLAN - FALL ZONE
CITY SWITCH
PERKIOMEN JUNCTION
PHL-399-C

SHEET NUMBER:
A-1A

EXHIBIT
E

# Exhibit B



# Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online
Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

**Business Entity
Filing History**

Date: 12/5/2008 (Select the link above to
view the Business
Entity's Filing History)

## Business Name History

| Name | Name Type |
|------|-----------|
| PENNSYLVANIA LINES LLC | Current Name |

## Limited Liability Company - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 2877037 |
| **Status:** | Withdrawn |
| **Entity Creation Date:** | 5/12/1999 |
| **State of Business.:** | PA |
| **Registered Office Address:** | % CT CORPORATION SYSTEM |
| | PA 0 -0 |
| **Mailing Address:** | No Address |

## Officers

| | |
|---|---|
| **Name:** | **TONY L INGRAM** |
| **Title:** | **President** |
| **Address:** | 110 FRANKLIN RD SE % TAX DEPARTMENT ROANOKE VA 24042 |
| **Name:** | **DEZORA M MARTIN** |
| **Title:** | **Secretary** |
| **Address:** | 110 FRANKLIN RD SE % TAX DEPARTMENT ROANOKE VA 24042 |
| **Name:** | **THOMS W MAHONEY** |
| **Title:** | **Treasurer** |
| **Address:** | 110 FRANKLIN RD SE % TAX DEPARTMENT |

ROANOKE VA 24042

**Name:**         **WILLIAM A GALANKO**

**Title:**          **Vice President**

**Address:**     110 FRANKLIN RD SE % TAX
DEPARTMENT
ROANOKE VA 24042

---

Home | Site Map | Site Feedback | View as Text Only | Employment



Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement



# PENNSYLVANIA Department of State

## Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online
Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

Date: 12/5/2008

**Current Name:** PENNSYLVANIA LINES LLC

| Available Images | Date | Document | Microfilm Number | Microfilm Start | Microfilm End |
|---|---|---|---|---|---|
| Image Not Available | 5/12/1999 | Creation Filing | 9936 | 1070 | 1071 |
| X | 10/29/2004 | Merger | 15 | 1623 | 2 |



Log in to Order Images

---

Home | Site Map | Site Feedback | View as Text Only | Employment

Commonwealth of PA
**PA**
Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCHUYLKILL TOWNSHIP, | : |
| | :   CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | :   No. |
| | : |
| CITYSWITCH, LLC, and | : |
| PENNSYLVANIA LINES, LLC, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## DECLARATION OF ROBERT G. RAVILLE

I, Robert G. Raville, declare as follows:

1.      I am over 21 years of age and am competent to give this declaration.  Except where otherwise indicated, I have personal knowledge of the following facts, all of which I believe to be true and correct.

2.      I serve as President of CitySwitch, LLC, and I am authorized to make this Declaration on its behalf.

3.      I have examined the Complaint filed in this litigation in the Court of Common Pleas of Chester County, Pennsylvania, in which the Plaintiff, Schuylkill Township, makes allegations regarding the proposed erection of a railroad monopole telecommunications tower upon real property owned by Norfolk Southern Railway Corporation.

4.      CitySwitch, LLC is a Delaware Limited Liability Company with a principle place of business located in Atlanta, Georgia.  The shareholders of CitySwitch, LLC are as follows: Norfolk Southern Corporation; Cleveland Group Inc.; Stephen E. Raville; and Peter R. Corry.

5.      The shareholders of CitySwitch, LLC are citizens of the States of Florida

(Stephen E. Raville), Georgia (Cleveland Group Inc. and Peter R. Corry), and Virginia (Norfolk Southern Corporation).

6.     CitySwitch, LLC is in the business of constructing telecommunication towers for railroad use by Norfolk Southern Corporation and, where both feasible and permitted under local zoning ordinances and regulations, offering the towers for co-location to cellular carriers, municipalities, and non-profit organizations.

7.     CitySwitch, LLC has, to date, incurred documented costs in excess of $150,000.00 to prepare the foundation for the monopole telecommunications tower, purchase and transport the tower to the site, and obtain a certified report from the manufacturer of the tower that in the highly unlikely event of a tower failure, the tower would collapse upon itself, ensuring that the fall zone for any such event would be restricted to the real property owned by Norfolk Southern Railway Corporation upon which the tower is to be erected.  True and correct copies of invoices establishing CitySwitch, LLC's costs to date are attached hereto and incorporated herein by reference.

8.     Within the past thirty days, CitySwitch, LLC sold four comparable erected telecommunications towers for an average per-tower sale price in excess of $700,000.00.

9.     Based upon the average actual sale price of comparable telecommunications towers, CitySwitch, LLC estimates that the fair market value of the telecommunications tower at issue in the captioned action, if erected as proposed, would be greatly in excess of $75,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December __5ᵗʰ__, 2008.

Robert G. Raville
President of CitySwitch, LLC

-2-



# INVOICE

**ORIGINAL**

| INVOICE NO | PAGE |
|---|---|
| 134227 | 1 |

| INVOICE DATE |
|---|
| 7/10/2008 |

**Sabre™ Communications Corporation**

*A Division of Sabre Industries, Inc.*

PO Box 658 - Sioux City, IA 51102-0658
Phone (712) 258-6690 - Fax (712) 279-0817

BILL TO: CITYSWITCH LLC
ACCOUNTS PAYABLE
THREE PIEDMONT CENTER SUITE 150
ATLANTA, GA 30305

SHIP TO: CITYSWITCH LLC
MATERIALS STORED AT SABRE DUE TO SITE
DELAY PER CUSTOMER REQUEST
VALLEY FORGE, PA 19481

| ORDER NO | ORDER DATE | CUSTOMER NO | LOC | SALES REP 1 | SALES REP 2 | SALES REP 3 |
|---|---|---|---|---|---|---|
| 81622 | 5/12/2008 | 31170 | 250 | 014 | | |

| CUSTOMER PO NUMBER | JOB NUMBER | SHIP VIA | PPD/COL |
|---|---|---|---|
| 420 ✓ | 08-04352 | BEST WAY | |

| ITEM NUMBER DESCRIPTION | QTY ORDERED | QTY TO SHIP/RET QTY B'ORDERED | UNIT PRICE | UOM | EXTENDED PRICE |
|---|---|---|---|---|---|
| KEN.HARBOUR@NSCORP.COM | | | | | |
| WIR WIRELESS POLE *195' WIRELESS MONOPOLE* | 1.0000 | 1.0000 0.0000 | 58,585.0000 | EA | 58,585.00 |

COMMENTS:  SITE: PERKIOMEN JUNCTION, PA

| | |
|---|---|
| SALE AMOUNT | $58,585.00 |
| SHIPPING | $0.00 |
| SALES TAX | $3,515.10 |
| SALE AMOUNT | $62,100.10 |
| AMOUNT RECEIVED | $0.00 |
| BALANCE DUE | $62,100.10 |

TERMS:  NET 30 DAYS

Invoices not paid within terms noted above shall be charged a service charge of 1.5% per month (or the maximum legal rate, if less).
Acceptance of the merchandise and/or service covered hereby constitutes agreement of these terms



APPROVED



**Sabre**
Communications
Corporation

*A Division of Sabre Industries, Inc.*

PO Box 658 - Sioux City, IA 51102-0658
Phone (712) 258-6690 - Fax (712) 279-0817

# INVOICE

ORIGINAL

| INVOICE NO | PAGE |
|---|---|
| 142966 | 1 |

| INVOICE DATE |
|---|
| 10/28/2008 |

BILL TO:   CITYSWITCH LLC
ACCOUNTS PAYABLE - MAILSTOP 114
1200 PEACHTREE ST NE
ATLANTA, GA 30309

SHIP TO:   CITYSWITCH LLC

333 PAWLINGS ROAD
PHOENIXVILLE, PA 19460

| ORDER NO | ORDER DATE | CUSTOMER NO | LOC | SALES REP 1 | SALES REP 2 | SALES REP 3 |
|---|---|---|---|---|---|---|
| 93043 | 10/27/2008 | 31170 | 250 | 014 | | |

| CUSTOMER PO NUMBER | JOB NUMBER | SHIP VIA | PPD/COL |
|---|---|---|---|
| 420 | 08-04352 | BEST WAY | |

| ITEM NUMBER DESCRIPTION | QTY ORDERED | QTY TO SHIP/RET QTY B'ORDERED | UNIT PRICE | UOM | EXTENDED PRICE |
|---|---|---|---|---|---|
| KEN.HARBOUR@NSCORP.COM | | | | | |
| MISC MISCELLANEOUS *ANCHOR BOLT FREIGHT AND WIRELESS MONOPOLE FREIGHT FOR SABRE INV# 134227 DATED 07/10/08* | 1.0000 | 1.0000 0.0000 | 0.0000 | EA | 0.00 |

COMMENTS:   SITE: PERKIOMEN JUNCTION, PA

| | |
|---|---|
| SALE AMOUNT | $0.00 |
| SHIPPING | $5,306.00 |
| SALES TAX | $318.36 |
| SALE AMOUNT | $5,624.36 |
| AMOUNT RECEIVED | $0.00 |
| BALANCE DUE | $5,624.36 |

TERMS:   NET 30 DAYS

Invoices not paid within terms noted above shall be charged a service charge of 1.5% per month (or the maximum legal rate, if less).
Acceptance of the merchandise and/or service covered hereby constitutes agreement of these terms



RECEIVED
NOV - 4 2008



APPROVED



**Sabre™**
Communications
Corporation

*A Division of Sabre Industries, Inc.*

PO Box 658 - Sioux City, IA 51102-0658
Phone (712) 258-6690 - Fax (712) 279-0817



**INVOICE**

ORIGINAL

| INVOICE NO | PAGE |
|---|---|
| 142844 | 1 |

| INVOICE DATE |
|---|
| 10/27/2008 |

BILL TO:  CITYSWITCH LLC
ACCOUNTS PAYABLE - MAILSTOP 114
1200 PEACHTREE ST NE
ATLANTA, GA 30309

SHIP TO:  CITYSWITCH LLC

1200 PEACHTREE ST NE
ATLANTA, GA 30309

| ORDER NO | ORDER DATE | CUSTOMER NO | LOC | SALES REP 1 | SALES REP 2 | SALES REP 3 |
|---|---|---|---|---|---|---|
| 93044 | 10/27/2008 | 31170 | 250 | 014 | | |

| CUSTOMER PO NUMBER | JOB NUMBER | SHIP VIA | PPD/COL |
|---|---|---|---|
| 577 | 08-04352 | BEST WAY | |

| ITEM NUMBER DESCRIPTION | QTY ORDERED | QTY TO SHIP/RET QTY B'ORDERED | UNIT PRICE | UOM | EXTENDED PRICE |
|---|---|---|---|---|---|
| | KEN.HARBOUR@NSCORP.COM | | | | |
| MPROF MONOPOLE PROFESSIONAL SERVICES *CHANGE ORDER "A"* *FALL RADIUS LETTER* | 1.0000 | 1.0000 0.0000 | 500.0000 | EA | 500.00 |

COMMENTS:   SITE: PERKIOMEN JUNCTION RD



RECEIVED
NOV – 4 2008

| | |
|---|---|
| SALE AMOUNT | $500.00 |
| SHIPPING | $0.00 |
| SALES TAX | $0.00 |
| SALE AMOUNT | $500.00 |
| AMOUNT RECEIVED | $0.00 |
| BALANCE DUE | $500.00 |

TERMS:   NET 30 DAYS

Invoices not paid within terms noted above shall be charged a service charge of 1.5% per month (or the maximum legal rate, if less).
Acceptance of the merchandise and/or service covered hereby constitutes agreement of these terms

APPROVED

12.1

Madison Communications of Ga. Inc

1050 E Piedmont Rd Ste E-232
Marietta, Ga. 30062
770-541-6010

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/14/2008 | 3910 |

| Bill To |
|---------|
| CitySwitch<br>1200 Peachtree St<br>Mail Stop 114<br>Atlanta GA 30309 |

| Ship To |
|---------|
| CitySwitch Perkiomen Junction |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| 440 ✓ | Net 15 | | 11/14/2008 | Will Advise | Factory | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Bill Only | Cell Site Construction Partial Billing<br>GA Sales Tax 8.0 % Fulton | 83,255.00<br>8.00% | 83,255.00<br>0.00 |

APPROVED

| Thank you for your business | | |
|-----|-----|-----|
| | **Total** | $83,255.00 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2008, I caused a true and correct copy of the foregoing Notice of Removal to be served by First Class United States Mail, postage prepaid, upon the following:

> William J. Brennan, Esquire
> Butera, Beausang, Cohen & Brennan
> 630 Freedom Business Center, Suite 212
> King of Prussia, PA  19406
>
> *Counsel for Plaintiff Schuylkill Township*

_____
Michael Hayes (Pa. ID No. 84985)